GEKP

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

PETER SAUERS

v.

AIDA, ASHLY
COUNTY
MULODER
MIKE MISTER
KRYLWRBY

CIVIL ACTION

NO. **19    1429**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                              ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                 (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.     ( )

4-4-2019
ARAR
_____
**Date**

PETER SAUERG
_____
**Pro Se Plaintiff**

2153966851
_____
**Telephone**

N/A
_____
**FAX Number**

PSAUERS4@
COMCAST.NET
_____
**E-Mail Address**

(Civ. 660) 10/02

GEKP

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

19    1429

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)* 19053

Address of Plaintiff: _32 N WESTVIEW DRIVE FEASTERVILLE PA_

Address of Defendant: _76 GRIFFITH MILES C. WARMINSTER PA 29_

Place of Accident, Incident or Transaction: _LOWER SOUTHAMPTON PA, 19053_

---

**RELATED CASE, IF ANY:**

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☒    No ☐

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _4 4 2019_    _____    _____
                    *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.    Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☒ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
     *(Please specify):* _____

**B.    Diversity Jurisdiction Cases:**

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _PETER SAYERS_, counsel of record *or pro se plaintiff*, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought.

DATE: _4-4-2019_    _____    _____
                    *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

1

GEKP

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

**PETER SAUERS PRO-SE**       :   19    1429

                      :

                      :

**vs.**

**Oak Property Management Lp.**
**Ashley Management Co**
**Builders County**
**MIKE MISTER,**
**KEVIN RILEY**

                      :

                      : **CIVIL ACTION**

                      :

                      :

## <u>PRO-SE COMPLAINT</u>

**Plaintiff, Peter Sauers, hereby files Complaint pursuant to rights to equal protection under his Constitutional Rights, Civil Rights and criminal activity**

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania that require filing confidential information and documents differently than non-confidential information and documents also include all Rip-off reports and online postings for and ones in the Unified Judicial System as Public Records and Exhibits already in the Unified Judicial System.

Submitted by: Peter Sauers

Signature: _____

Name: **Peter Sauers ADA** *(pro se)*

"Pro se pleadings are to be considered without regard to technicality; pro se litigants' pleadings are not to be held to the same high standards of perfection as lawyers".

Picking v. Pennsylvania R. Co. 151 Fed. 2nd 240;

Pucket v. Cox 456 2nd 233.

Sims V. Aherns

## PRO-SE COMPLAINT TABLE OF CONTENTS

**CERTIFICATE OF COMPLIANCE Page 2**

**REQUESTS Pgs.4 to 8      PARTIES Pgs.8,9**

**SECONDARY PAIRTES & Noted Investigations Pgs.9 to 12**

**JURISDICTION Pgs. 13,14,15,16**

**PRELIMINARY STATEMENT REALIZING THE
QUESTIONS Pgs. 16,17,18,19**

**FACTUAL ALLEGATIONS Pgs. 19 to 42**
 **Noted Investigations are ongoing reportedly.**

**COUNT I.  Due Process, Pgs. 42,43,45**
**COUNT II.  Violation of Pa. Right to Know Law Pgs. 46,47**
**COUNT III. CIVIL RIGHTS Pgs. 47,48**
**COUNT IV.  Nuisance/Harassment Pgs. 48,49**
**COUNT V. Violation of Pennsylvania Open Records Law
Pgs.49,50**
**COUNT VI.  Temporary Injunction Pgs. 50,51**
**COUNT VII.  Temporary Injunction Against Pending
Development Pgs. 52**
**COUNT VIII.  ADA Pro Se Pgs. 53**
**COUNT IX Obstruction of justice Pgs. 54,55**
**COUNT X conflict of interest Pgs. 56**
**COUNT XI No Transparency Pgs.57**
**COUNT XII Favoritism in zoning enforcement Pgs. 58,59**
**Verification Pgs. 60**

**CERTIFICATE OF SERVICE Pgs. 63**

**RELIEF Pgs. 61**

4

# **REQUESTS**

I humbly request for the amendment of this complaint as needed to meet all requirements and to also provide access to the discovery of pre-trial investigations, depositions, and other written/oral testimonies, that will be given under oath in front of the Court Reporter of witnesses, Interrogators of written questions sent by the opposing side and the opposing witnesses, Request for Admission, Request for Subpoena (Duces Tecum) in the production of evidence, as well as the invitation of witnesses if necessary. In the completion of all initial investigations and commencement of ongoing investigations, I do not know my interpretation in layman's terms. The same actions granted an attorney.

In all fairness, the court may appoint a "Next Friend" under rule. Rule 17, 28 U.S.C.A, speak as an interpreter for the courts to benefit the opponents as well as the Honorable Courts; of a cognitive plaintiff. This will not prejudice anyone.

By doing this, the Opponents and the Hon. Courts have referenced the Plaintiff's ability to articulate. This action can make the Plaintiff either inarticulate or understandable, coherent or incoherent, comprehensible or not, accountable or otherwise.

1.  Federal Rules Civil Proc., Rule 17, 28 U.S.C.A. "Next Friend" A next friend is a person who represents someone who is unable to tend to his or her own interest: Opponents Attorney statements: Rambling no ability to articulate Sauers Vs. Lower Southampton.

2. Platsky v. C.I.A. 953 F.2d. 25. Additionally, pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings. Reynoldson v. Shillinger 907F .2d 124, 126 (10th Cir. 1990); See also Jaxon v. Circle K. Corp. 773 F.2d 1138, 1140 (10th Cir. 1985) (1)

3.  HAINES v. KERNER ET AL. Plaintiff: "Allegations, we conclude that he is entitled to an opportunity to offer proof.

4. NAACP v. Button, 371 U.S. 415); United Mineworkers of America v. Gibbs, 383 U.S. 715; and Johnson v. Avery, 89 S. Ct. 747 (1969) "Members of groups who are competent non-lawyers can assist other members of the group to achieve the goals of the group in court without being charged with "unauthorized practice of law."

YOUR LORDSHIP, HONORABLE JUDGE PRATTER; this was requested on, before October 7, 2016, under CIVIL ACTION No

16-2325 - SAUERS Vs. LOWER SOUTHAMPTON
TOWNSHIP.A request was made on page 32 (and still being
requested till date) to give the status of "Next Friend" to Lance S.
Haver so he can articulate and speak as an interpreter for important
reasons set forth in this case. Although that depends on if he is still
willing to do so.

Lance S. Haver was the head C.E.P.A, I Peter w. Sauers a member
of C.E.P.A. A letter from you authorizing Lance Haver to help me,
if that's possible? Lance S. Haver is not Attorney not a party to this
action but can translate for me and speak publicly.


NAACP v. Button, of America v. Gibbs, and Johnson v. Avery, 89
S. Ct. 747 (1969 C.E.P.A member) to C.E.P.A member Lance S.
Haver is not challenged and knows that I am and who is willing to
help the challenged if the law allows it and a judge can allow this,
doing this would be a help to all and not prejudice anyone.
If the Courts in the Unified Judicial System, would please issue a
letter to Mr. Haver granting the status of Next Friend to status as
requested in this case and or someone Court appointed -

One-person action should have the same rights of a group under
the ordinance of the Municipality and inappropriate use of its

provisions when trying to one's exercise of Constitutional Rights that will not prejudice anyone.

Sherar v. Cullen, 481 F. 2d 946 (1973) Furthermore showing equal protection of all for one and one for all, if the plaintiff can prove favoritism of the defendants or their straw man by provisions laws overlooked. A non-compliance of Rule 26(a): "Parties are required to share evidence supporting their case without being requested by the opposite party. Failure to do so can preclude that evidence from being used at trial. This does not apply to evidence that would harm their case". The evidence that would harm their case and now is sending Michael J. Savona, Esq., of Eastburn & Gray, Doylestown, to jail working with and for Builders County reportedly.

5. Sherar v. Cullen, 481 F. 2d 946 (1973) "There can be no sanction or penalty imposed upon one because of his exercise of Constitutional Rights." Evidence that would harm their case is not protected rule26.

6. Requested of all waivers, outstanding motions, notices, permits, variance (Approved) under rules 26(a): Permits, Notices for 8 N

Westview Ave, 531 W Street rd. all of Westview Ave, abutting-
from all from Oak Property Management Lp., Ashley Management
Co, Builders County and their Attorneys of record. All should be
in possession of the Defendant, Oak Property Management Lp.,
Ashley Management Co, Builders County or their counsel already.


## PARTIES

Plaintiff, Peter Sauers, is sui juris and a resident of Lower
Southampton Township in the State of Pennsylvania.


Defendants, Oak Property Management Lp., Ashley Management
Co, Builders County, acting in with Lower Southampton Township
that is a municipal entity organized under the laws, ordinances and
rules of the State of Pennsylvania.

Defendant, Oak Property Management Lp.,
Ashley Management Co, Builders County, is a business entity
believed to be organized and operating under the laws of the State
of Pennsylvania by Mike Mister and Kevin Riley at 76 Griffith
Miles Circle Warminster, PA 18974 and 8 N Westview Ave and
531 W street rd. Feasterville Pa. 19053. Going by the deeds and -
Public Records. Reported there are 24 companies that have an
address matching 76 Griffith Miles Circle Warminster, PA 18974

also matching names to under investigations (?) shown in Public Records / Documents, Court Documents and the internet. Non-compliance with the ordinance of the Municipality and inappropriate use of its provisions are to include others and with use of a Straw Man /men.

## SECONDARY PAIRTES

SECONDARY PAIRTES: Are necessary because of direct contact in one way or another with Witnesses, Defendant or to one another in this pro-se complaint and actions throughout.

Eastburn & Gray, Doylestown, Michael E. Peters, Esq., Michael T. Pidgeon, Esq., Michael J. Savona, Esq., John A. Vanluvanee Esq. aka van.

Working as state officials or working for state officials Mr. Robert Hoopes Esq. John Waltman, Carol Drioil zoning, Zoning Hearing Board, Board of Supervisors, Mr. John McMenamin, Township Manager.

Rafferty has been a Deputy Constable in Bucks County since 1998. Rafferty controls Raff's Consulting LLC, a corporation registered with the Pennsylvania Department of State on May 30,

2011. Working with John Waltman, Robert Hoopes Esq. and others named clearly consulting as state officials with Defendants.

Secondary Parties for non-compliance inappropriate use of its provisions of the laws rules of the Unified Judicial System may become Defendants at later date or have been named in other cases.

## **<u>Noted Investigations</u>**

Board, Board of Supervisors, Mr. John McMenamin, Township Manager.: Carol Drioil zoning was altered documents not with in her power on record by Board of Supervisors in the meeting of August 8, 2018.

801 Yale Avenue, Suite 622, Swarthmore, PA 19081 Phone: (610) 328-4830 Fax: (610) 328-4836 Email: keystonems@comcast.net June 11, 2018 Mr. John McMenamin, Township Manager Lower Southampton Township 1500 Desire Avenue Feasterville, PA 19053 Re: Review and Analysis of Zoning and Building Inspection Departmental Operations. (Not listed 8 N Westview Ave just 531 W Street Rd.)

 Oak Properties/Ashley Property Management 531 West Street Road named in report missing is 8 N Westview Ave they have

been combined as one? Reportedly Kevin Riley would be in to pay unpaid fees.

Board, Board of Supervisors, Mr. John McMenamin, Township Manager: Requested that Attorney for the Commonwealth Bucks County District Attorney: Matthew D. Weintraub for a full Investigation reportedly on going 2019.

U.S. Attorney's Office still has an ongoing has Investigation for corruption to my understanding 2019 that was requested.

The Federal Bureau of Investigation reportedly now has ongoing Investigation for corruption.

State Ethics Commission of Pennsylvania, Mike Mister of Builders County and Carol Drioil zoning were reported for their part with Mr. Robert Hoopes Esq., Michael J. Savona Esq., and John A. Vanluvanee Esq.; Ethics Commission.

The Courts in the Unified Judicial System will need to contact them in relations to the findings they have made. All should have this under investigation for action with Fraud with credible and admissible evidence can proceed by inviting them.

With no Substantive Due Process "Fraud destroys the validity of everything into which it enters," Nudd v. Burrows, 91 U.S 426.-

"Fraud vitiates everything" Boyce v. Grundy, 3 Pet. 210 "Fraud vitiates the most solemn contracts, documents and even judgments."

Look to: Davis v. Wechsler, 263 US 22, 24. "Where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them."

**<u>JURISDICTION</u>**

Jurisdiction is proper in this Court because the Plaintiff's rights under the U.S. Constitution are at issue, and because any state law claims fall under this Court's pendent jurisdiction. The stated goal of the Anti-Corruption Act is to serve as "model legislation that sets a standard for city, state and federal laws that prevent money from corrupting American government." The regulation requires that companies report payments made to governments, such as taxes, royalties and <u>concession fees".</u> Personal notification and notifications apply openly and have fees, for individual projects in each ordinance of the Municipality and inappropriate use of its provisions of operation" makes for proper Jurisdiction. Rule 26 with deliberate, intentional actions and with malice and a disregard of democracy for profit. Premeditated action shows Jurisdiction is appropriate in this Court outlined in the Declaration of Independence and the United States Constitution, Pennsylvania.

1. Warnock v. Pecos County, Tex., 88 F3d 341 (5th Cir. 1996) Eleventh Amendment does not protect state officials from claims for prospective relief when it is alleged that state officials acted in violation of federal law. Howlett v. Rose, 496 U.S. 356 (1990) Federal Law and Supreme Court Cases apply to State Court Cases. Robert P. Hoopes, 69, of Doylestown, the director of Public Safety in Lower Southampton with his legal practice worked with Eastburn

& Gray, of Doylestown, PA, with or for Oak Property
Management Lp, Ashley Management Co and Builders County
with matter of zoning now under investigations show all to be at
the same time as in office. Documented.

"The U.S. Attorney's Office said that in his position, Hoopes
has authority over all police, fire, and emergency operations in
Lower Southampton and previously operated a legal practice in
Doylestown. Besides being a deputy constable". Not previously but
took care of zoning matter as a state official alone with Michael J.
Savona, Esq., Michael E. Peters, Esq., and John A. Vanluvanee
Esq of Eastburn & Gray, Doylestown, PA. Mike Mister and Kevin
Riley of County Builders and were acting with Attorneys of
Eastburn & Gray well in office.

2. Title 42 U.S.C. Sec. 1983, Wood v. Breier, 54 F.R.D. 7, 10-11
(E.D. Wis. 1972). Frankenhauser v. Rizzo, 59 F.R.D. 339 (E.D. Pa.
1973). "Each citizen acts as a private attorney general who 'takes
on the mantel of sovereign',"

Witnesses, Defendants must include a straw man or men because
of non-compliance with the ordinance of the Municipality and
inappropriate use of its provisions to be included later as they have

not come to light, because of factual allegations and ongoing Investigations. Plaintiff's action under 28 U.S.C. § 1331 throughout.

3. Jurisdiction. Where to start? A vexing issue even in singular systems, civil procedure under a two-tiered federal system is complex and lends truth to the old phrase "let's not make a federal case out of it." However, when one understands why we utilize deference, comity, and jurisdictional analysis in a federation, well, it becomes easier, but never easy.

In personam jurisdiction is relatively straight-forward and has not been advanced as deficient in this case because this Court has in persona jurisdiction over all parties, and potential parties, to this action. Subject matter jurisdiction, admittedly, has not yet been sufficiently nor properly plead. Yet, it too is relatively straight-forward for this case? This Court has subject matter jurisdiction over this matter because- Defendant's actions implicate Equal Protection and Procedural and- Substantive Due Process under the law, and Plaintiff, in this Complaint, will have properly alleged constitutional issues that bring this matter squarely within the-federal realm. 42 U.S.C. § 1983 chronological order of events and events. CIVIL RIGHTS the rights of all citizens to political and social freedom and equality.

## PRELIMINARY STATEMENT REALIZING THE QUESTIONS

**"Activism is my rent for living on this planet."  Alice Walker, Pulitzer Prize-winning author.**

If you are reading this complaint, you are under a constitutional obligation to act and take-action. Let me ask you this question; are you going to stand for democracy or not? Are you willing to run the gamut in a case for a cognitive person in the Unified Judicial System? We all need to stand up and act swiftly. Judgment shall return to the righteous: however, that can only happen if the Honorable Courts will rise and deliver justice and help the challenged.

Notice with uncompleted investigations now has Ripeness for Due Process and Equal Protection in this case? I have more questions than answers, and if you think you have the answers you may not understand the questions?

"Justice will soon prevail in the courts, and all people with good heart and conscience will support it - For justice will reign, and all the morally upright will be vindicated.

Judgment will again be founded on justice, and those with virtuous hearts will pursue it, Justice and fairness will go hand in hand, and all who do right will follow along, For right shall return unto justice, And all the upright in heart shall follow it, Until justice be turned into judgment: and they, that are near it are all the upright in heart.

Plaintiff <u>never received notification</u> that Lower Southampton Township would consider rezoning a residentially zoned property adjacent to Plaintiff's property's/home/family, to commercial zoning for Mike Mister of Builders County and Defendants named or connected to or his street.  Ours is an old traditional suburban residential neighborhood which would be severely and negatively impacted by the imposition of a commercial development in our back yards. Plaintiff humbly comes before this Court to address this fraud and the mechanisms of its perpetration. Contrary to Pennsylvania law which imposes a specific appeal/reconsideration period and requires that opponents have an opportunity to be heard, Defendant, Lower Southampton Township, revisited the matter untimely and purportedly rezoned the subject property. Since that time public records of these matters have disappeared from the public, records that do exist have been doctored to not reveal anything about the subject properties or have multiples.

A virtual lockdown of any records or information related to this transaction has prevented the exercise of any meaningful objection or dissent. Plaintiff acknowledges a zealous activism and leadership role in opposing this rezoning. Carol Drioil told me, Peter Sauers at the zoning office "we don't want your kind here" in this Township. Lower Southampton Township.

MINUTES OF SPECIAL MEETING SEPTEMBER 4, 2012 PAGE 3 LOWER SOUTHAMPTON TOWNSHIP: "are reflected not in the Residential areas'

"Mr. Savona said there have been some adjustments with respect to some of the dimensional requirements such as setbacks, impervious surface, etc the neighborhoods in the Township are settled and well established, there are some areas where the Board has already provided for additional growth in Residential Zoning. This map does not disturb those zoning patterns or zoning trends"

Secrecy Mr. Savona, Mr. Robert Hoopes Esq, Carol Drioil, for Builders County and their Attorneys of record realigning Lower-Southampton Township for themselves from and before 2012 in my destroying my way of life with variances.

## **FACTUAL ALLEGATIONS**

1. Final approvals were made for Oak Property Management Lp., Ashley Management Co, Builders County and their Attorney of record of Eastburn & Gray, Doylestown, PA John A. Vanluvanee Esq. aka van. On or about 8-12-2015.

2. On 8-12-2015, Final approvals were made. I (Peter Sauers) Filed 8-17-2015 at 10:18 AM: to the Court of Common Pleas. Judge 30: Attorney of record of Eastburn & Gray, Doylestown, PA for Lower Southampton Township Michael Savona, Township Solicitor, Robert Hoopes, Conflict Attorney.

MINUTES OF THE MEETING OF THE LOWER SOUTHAMPTON TOWNSHIP BOARD OF SUPERVISORS HELD ON WEDNESDAY, AUGUST 12, 2015 AT 7:30 PM IN THE ADMINISTRATION BUILDING, 1500 DESIRE AVENUE, FEASTERVILLE, PA 19053

Roll Call: Keith Wesley    Patrick Irving    Kim Koutsouradis Joseph McFadden Absent: Ed Shannon Staff:  John McMenamin, Township Manager   Michael Savona, Township Solicitor Robert Hoopes, Conflict Attorney Carol Drioli, Zoning Officer Joseph Galdo, Finance Director     John Genovesi, Township Engineer    William Oettinger, Fire Marshal  Matt Gilbert, Park & Recreation Director Janet Hude, Township Secretary

Section 1002-A. Jurisdiction and Venue on Appeal; Time for Appeal. All appeals from all land use decisions rendered pursuant

to Article IX shall be taken to the court of common pleas of the judicial district wherein the land is located and shall be filed within 30 days after entry of the decision as provided in 42 Pa.C.S. 5572 (relating to time of entry of order) or, in the case of a deemed decision, within 30 days after the date upon which notice of said deemed decision is given as set forth in section 908(9) of this ac"t.

3. "Zoning ordinances must be enforced in a reasonable and nondiscriminatory manner in order to satisfy equal protection". Plaintiff never received a notice indicating that the Defendants, Oak Property Management Lp., Ashley Management Co, Builders County, acting in with Lower Southampton Township that is a municipal entity organized under the laws, ordinances and rules of the State of Pennsylvania intended to consider a rezoning the subject properties all/ any just was a newspaper notice was offered.

352 U.S. 112 (1956) WALKER v.CITY OF HUTCHINSON ET AL. No. 13. Supreme Court of United States. Argued October 15-16, 1956. Decided December 10, 1956.

Notice so published in the official newspaper was not enough notice to satisfy the requirements of the Due Process clauses of both Federal and State Constitutions". 352 U.S. 112 (1956)

4. Variances granted for take of a private property for public use.

Enforced in a reasonable and nondiscriminatory manner, but this shows favoritism in zoning enforcement and this has a Conflict of interest as one of a kind in Feasterville Officials and Defendants, Oak Property Management Lp., Ashley Management Co, Builders County, and their counsel. 8 N Westview Ave.

5. Variances granted Eminent Domain for 8 N Westview Ave. Feasterville Carol Drioli, Zoning Officer declared right to do anything with in the boundaries of the -

Lower Southampton Township. A private property taken for a road opening. NO Service of notice of view and or hearing.

 2010 Pennsylvania Code, in Pennsylvania!
Title 26 - EMINENT DOMAIN
Chapter 5 - Procedure for Determining Damages
505 - Service of notice of view and hearing.

505.  Service of notice of view and hearing. (a)  General rule. -- Notice of the view and hearing shall be served, within or without this Commonwealth, by any competent adult in the same manner as a civil action or by registered mail, return receipt requested, to the last known address of the condemnee and condemnor.

(b)  Public posting.--If service cannot be made in the manner set forth in subsection (a), then service shall be made by posting a copy of the notice upon a public part of the property and by publication, at the cost of the condemnor, once in a newspaper of general circulation and once in the legal publication, if any, designated by rule or order of court for publication of legal notices, published in the county.

6. Honorable Judge Gene E.K. Pratter asked Michael E. Peters Esq., of Eastburn & Gray, Doylestown, for certified copies needed for their actions under the United States Constitution. Courtroom 10-B on 11/8/16. All based on a final approval / and actions. 42 U.S.C. § 1983 and 2010 Pennsylvania Code, in Pennsylvania: Title 26 Tax Map Parcel Nos. 21-003-114 and 21-003-111 Nonexistent to date.

7. Honorable Judge Gene E.K. Pratter stated without:
Needed certified copies for their land use and meeting for new land use my 14th amendment to the US constitution were and are in question now have been bypassed for County Builders by just pushing it though hoping no would pick up on it this time leaving questions for this Court how much fraud occurred.

Honorable Judge Gene E.K. Pratter letter is on record and in my files.

Minute Entry for proceedings held before HONORABLE GENE E.K. PRATTER Initial Pretrial Conference held on 6/17/16 Court Reporter: K. FELDMAN. (jl, ) Modified on 6/20/2016 (lisad, ). (Entered: 06/17/2016)

Minute Entry, re: Motion Hearing, re: Motion to dismiss, for proceedings held before HONORABLE GENE E.K. PRATTER in Courtroom 10-B. Court Reporter: K. Feldman. (kw, ) (Entered: 11/14/2016)

8. Michael J. Savona, Esq., Michael E. Peters, Esq., and John A. Vanluvanee Esq of Eastburn & Gray, Doylestown, working for Defendants, Oak Property Management Lp., Ashley Management Co, Builders County at the same time Michael J. Savona, Esq : John McMenamin, Township Manager   Michael Savona, Township Solicitor    Robert Hoopes, Conflict Attorney Carol Drioli, Zoning Officer  John Genovesi, Township Engineer.  "on the map as the result of the work of the Committee in changing the regulations and changing the zoning recommendations for the Township, are reflected not in the Residential areas". Residences did not have a prayer because on record their <u>false statements</u> deceived everyone.

Michael E. Peters, Esq made false statements to Honorable Judge Gene E.K. Pratter as his fell in the need to removing documents of Robert Hoopes, Conflict Attorney to John A. Vanluvanee Esq of Eastburn & Gray, as for Michael Savona Township Solicitor all took part in a sham zoning act in the documentation for Defendants named.

DiSarrio v. Mills, 711 So.2d 1355 (Fla. 2d DCA 1998)

Unsworn argument by counsel simply "is not evidence."

Testimony is still being requested.


9. Investigation into the Lower Southampton Zoning and Building
Department from Department of Labor and Industry for the state
do interiors only. I had conversations with two of the agents as
they called me, zoning could put a house on a side walk and that's
ok because we look at interiors only. After two lenghy
conversation wish not would exclude them do to other information.


10. Michael E. Peters, Esq and Michael Savona, Township
Solicitor of Eastburn & Gray working for Defendants, Oak
Property Management Lp., Ashley Management Co, Builders
County, acting in with Lower Southampton Township that is a
municipal entity organized under the laws, ordinances and rules of-
the State of Pennsylvania. I called Defendants Entities at the time
in the transcripts of Sauers Vs. Lower Southampton.


11. New Documentation was made for Defendants. Now April 12,
2017 a FINAL APPROVAL for the same Sub-division was made
and no one was told about this at all and had a right to knowing

this was stated in the Court Room. Deeds are used in forms and permits and were altered from one action to another action without being notified.  42 U.S.C. § 1983

12. Cart before the horse, because of final decision was not made at the time or now with a new final approval for Tax Map Parcel Nos. 21-003-114 and 21-003-111 look to 14 chronological order of events fails to meet requirements.

13. April 5, 2017 the house at 8 N. Westview was removed and on or about April 12, 2017 approval was granted to do so in this new Sub-division two deeds one action.   Altered documents, now to meet there needs this is one reason I asked to have the FBI contacted by Courts. They already had one Township attorney in court that was in part of this action Robert Hoopes, Conflict Attorney.

"When it is clearly established that a federal law preempts a state law, the state law must be declared invalid"." Federal taking claim also cannot ripen if a final decision has been reached. The federal court cannot determine if there has been a taking if it cannot determine what use can be made of the property". A final decision would have had to be after November 9, 2016 but in fact was made

in April 12, 2017 all without notified the deal was made carte blanche for County Builders we the people had the right to know about the new deal. 42 U.S.C. § 1983 Substantive Due Process that show fraud and Obstruction of justice with an on-going case.

With no Substantive Due Process "Fraud destroys the validity of everything into which it enters," Nudd v. Burrows, 91 U.S 426. "Fraud vitiates everything" Boyce v. Grundy, 3 Pet. 210 "Fraud vitiates the most solemn contracts, documents and even judgments."

14. There's a clear conflict of interest in first secondary parties and some Lower Southampton officials a one-sided action.

Defendants, Oak Property Management Lp., Mike Mister of Builders County stated he paid he paid $400.000.00 twice the value for 8 N. Westview Ave in 10/ 18/ 2013 because it came with all need Township documentation. Deeds and public record reflect.

"[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress". This case.

15.  Senator Robert M. Tomlinson office in 2008 a meeting with at the time of the mall deal, had two men meet with us, telling me and the others at the meeting, that the mall was not going to happen, because there no egress or de-egress. The same property: in this action, but at the start looking for that rezoning. No legal egress or de-egress for 531 W. street rd. Kevin Riley of Builders County clarify new legalities claiming a new use.

16. A mix of criminal and civil action use to keep this in the Unified Judicial System maybe a first (?) but still a fact. Fraudulent documents notices posted on line under rip-off-report to meet legalities. Appeals Officer Karen A. Diaz. Rule 462 Trial *De Novo*. (B) was posted along with

STATEMENT OF INTENTION TO PROCEED documents sent to Courts in the Unified Judicial System also.

17. Defendants named did not come to light with any proof till late 2018 the F.B.I stated I would need to take civil action.

Honorable Judge Gene E.K. Pratter: I did not include Defendants, Oak Property Management Lp., Mike Mister of Builders. Now to repair pleadings with new developments of Michael Savona, Township Solicitor Robert Hoopes and Carol Drioli, Zoning Officer with a new civil action.

B.Platsky v. CIA, 953 F.2d 25, 26 28 (2nd Cir. 1991), "Court errs if court dismisses pro se litigant without instruction of how pleadings are deficient and how to repair pleadings." The Unified Judicial System sent me back to the drawing board.

18. Obstruction of justice by Michael J. Savona, Esq., Michael E. Peters, Esq., and John A. Vanluvanee Esq of Eastburn & Gray, Doylestown, working for Defendants, Oak Property Management Lp., Ashley Management Co, Builders County at the same time not telling Honorable Judge Gene E.K. Pratter or anyone in Unified Judicial System some were also doing work for the Lower Southampton Zoning adding and removing documents working without legal notations.

19. Ethical misconduct in many jurisdictions, the answer is yes, you must report misconduct about which you know. Michael E. Peters, Esq., did not report Michael J. Savona, Esq., and John A. Vanluvanee Esq of Eastburn & Gray, working for the deficient of my opponents beforehand, now for Defendants in this action?

Now's a good time to Talk to MICHAEL T. PIDGEON ESQ of Eastburn & Gray the noted Attorney at a pretrial.

It is evident by the facts on records that in Sauers Vs. Lower Southampton Notice of Appeal have been unduly disregarded by the Matthew D. Weintraub, Appeals Officer Karen A. Diaz but in 2019 now is under investigation.

a. All was made in a timely manner of the ten days of (notice) and in accordance with Section 1002-A., Rule 905 of the Pennsylvania Rules.  Sent to all connected: All interested parties were for compliance of Rules. 462 Trial De Novo was requested.

b. It has been pleaded to The Court of Common Pleas that the Hon'ble judges, Matthew D. Weintraub, and Appeals Officer Karen A. Diaz have disregarded legal precedents laid down by Rule 905, Section 1002-A.,   and are in clear violations of the procedures established in the laws as to equal protection.

c. Rule 905(a)(4), which concerns filing a notice of appeal. This Rule says that even though an appeal may have been filed incorrectly in the wrong court, it is still considered timely.

(4)  If a notice of appeal is mistakenly filed in an appellate court or is otherwise filed in an <u>incorrect office within the unified judicial</u>

system, the clerk shall immediately stamp it with the date of receipt and transmit it to the clerk of the court which entered the order appealed.

A mix of criminal and civil action in use, as filed I sent extra copies without a timely reply, I post on line and back to what I understand to be in the Unified Judicial System to be timely.

20. Michael E. Peters, Esq., did not report Michael J. Savona, Esq., Michael T. Pidgeon Esq. is now the noted Attorney for some of parties a conflict of interest has already been prover with Defendants.

21. Federal taking claim also cannot ripen if a final decision has been reached. The federal court cannot determine if there has been a taking if it cannot determine what use can be made of the property" the state courts also.

This Statement of Intention to Proceed is filed on the Ground that the Hon'ble Judge's actions were premature in accordance with Rule 12(b)(6) of Federal Rules of Civil Procedure. And the action to be valid, should have been taken/delivered after April 12, 2017 or later and NOT before such date. It is evident from the

documents on record that the decision was taken in haste and without complying with the procedures established by law.

Obstruction of justice by Eastburn & Gray, Doylestown, working for and Defendants fooling the courts in to a Rule 12(b)(6). In document tampering and the removal of documents in an appeal then making new documents for Defendants.

Let's not exclude Robert Hoopes, as Conflict Attorney and in private practice with his help for the Defendants.

22. Final decision a moving target, list of Exhibits already in possession of the Defendants Attorney and the Unified Judicial System.

**1.Exhibit one:** Deed date 8 19 2016 for 8 N. Westview Ave. Computed Value $234.350.10
(a) 8 N Westview Ave, Feasterville Trevose, PA 19053  Sold $400,000 (Oct 2013)
3 bed · 1 bath · 1,690 sq ft 12,632 sq ft lot · 1955 built.

**2. Exhibit two:** Tax map: 003, lot 111 Public Records Report Tax Id.21-003-111 Pictures of House(s) N. Westview Ave one that match **[Exhibit one (a)]** with notice filed.

**3. Exhibit three:** ORDER ENTERED PM 4-18-16 BY JUDGE BATEMAN, JR. DEFTS PRELIMINARY OBJECTIONS ARE SUSTAINED, AND PLTFS COMPLAINT IS DISMISSED WITH PREJUDICE.

THIS ORDER/JUDGMENT WAS DOCKETED AND SENT ON 05/02/2016 PURSUANT TO PA. R. C. P. 236. 5/ 2/ 2016

Final decision of the Common Pleas of Bucks County.   As needed.

**4. Exhibit four:** ADOPTED and approved this 12th day of April 2017.
LOWER SOUTHAMPTON TOWNSHIP RESOLUTION NO. 2017- 20 Tax Parcel Nos. 21- 003- 114 and 21- 003- 111. **Matching Exhibits one, two, three. (A) Township Record. Showing no legal ripeness.**

**5. Exhibit five: Date 4 30 2017** Honorable Judge Gene E.K. Pratter James A. Byrne U.S. Courthouse 601 Market Street Philadelphia, PA 19106 – [Rule 905(a)(4)]

Well preservers in Motions still outstanding and disregarded. {Foul} Actions of Eastburn & Gray, Michael T. Pidgeon, Michael Peters, Michael Savona, John Vanluvanee and Mr. Robert Hoopes had prior Knowledge before April 30, 2017. Rule1.7 Rule 59(b) Motions filed Section 1002-A., Time for Appeal. All appeals from all land use decisions rendered pursuant to Article IX.

**6. Exhibit six:** From Jesses Wenger Law Clerk to the Gene E.K. Pratter dated November 8, 2016 asking for Certified copies from

2012 for 8 N. Westview for actions taken to Michael Peters of Eastburn & Gray.

John T. and Elizabeth J. Mack from 8 31 1972 till 10 18 2013: not Named and would have needed to have certified copies for their land use in 2012. 21-003-111 Honorable Judge Gene E.K. Pratter Stated without this Certified notice my 14 Amendment rights to the United States Constitution where violated.


**7. Exhibit seven: To be found on line at: LOWER SOUTHAMPTON TOWNSHIP AUGUST 8, 2018.** FINDING OF OUTRAGEOUS CONDUCT

MINUTES OF THE MEETING OF THE LOWER SOUTHAMPTON TOWNSHIP BOARD OF SUPERVISORS HELD ON WEDNESDAY, AUGUST 8, 2018 AT 7:30 PM IN THE ADMINISTRATION BUILDING, 1500 DESIRE AVENUE, FEASTERVILLE, PA 19053.

"Mr. Koutsouradis asked Mrs. Drioli's former secretary if she had knowledge of Mrs. Drioli not using the fee schedule.  Mr. Koutsouradis met with Mr. Oettinger and the secretary to go over some instances when Mrs. Drioli did not use the fee schedule or charge escrow accounts.  Mr. Koutsouradis was provided six applications where the fee schedule was not used properly".  Mrs. Drioli a named Defendant, Proof of contamination of documentation came to light August 8, 2018.  ["Two investigations currently are ongoing into past practices by the township's zoning department"].


**8. Exhibit eight:** Are to be view on line.

To be verified by me {Peter Sauers} [Rip-off Report filed on line]

Rip-off Report. com under Eastburn & Gray and Appeals Officer Karen A. Diaz.

Full docket text for document 29: Statement by PRO SE PLAINTIFF PETER SAUERS, re: Certain Facts. (kw,). PACER, Case No: 16-2325.

IN THE U.S DISTRICT COURT and Court of Common Pleas Eastburn & Gray, Attorney Michael Savona, Michael Peters and Mr. Robert Hoopes where undermining and abusing the justice system in their actions as I see it.

**Rules noted by Peter Sauers, Appellant**

Rules of professional conduct 1.7 Rule 26(a) Rule 905(a)(4), Rule 60 Rule 59(3)(4)

*"A federal law taking claim also cannot ripen, if a final decision has been reached. The federal court cannot determine, if there has been a taking or not, if it cannot determine what use can be made of the property." "A judgment entered without service of process is void and will be set aside and stricken from the record on motion at any time."* **12th day of April 2017. RESOLUTION NO. 2017- 20.** FINDING OF OUTRAGEOUS CONDUCT making all new documentation without notification.

---

**Verification** PLAINTIFF/ APPELLANT PETER SAUERS Pro-se the PLAINTIFF / APPELLANT verifies that he is one for himself in this action, and that the statements made in the forgoing Response to the Motion to Dismiss are true and correct to the best of my knowledge, information and belief. He understands that false statements made herein are subject to the penalties of law "18 pa. C.S. Section 4904', relating to unsworn, falsification to authorities.

.23. Stated to Honorable Judge Gene E.K. Pratter:

"MR. PETERS: My apologies, Your Honor. It was dismissed on briefs in the court below. The property still has not been rezoned. It's still zoned the same as it was in 2006".

Conflict of the real property shows differently and now in use last count for forty plus families using one R2 property unrelated by ... that an ordinance limiting use of family residences to two family's unrelated not forty. 'Not been rezoned. It's still zoned the same as it was in 2006". A falsehood by Eastburn & Gray, Doylestown, Michael E. Peters, Esq.

Schwartz V. PHILADELPHIA ZONING BD.

126 A. 3d 1032 - Pa: Commonwealth Court, 2015 -

... unrelated college students, the owner and three tenants brought suit under 42 USC § 1983
seeking an ... 229, 468 A.2d 1195, 1197 (1983) (ordinance preventing seven adults unrelated by ...
that an ordinance limiting use of single-family residences by students was <u>unconstitutional</u>. ...

"Sherer v. Cullen, 481 F 946. We could go on, quoting court decision after court decision, however, the Constitution itself answers our question Can a government legally put restrictions on

the rights of the American people at any time, for any reason? The answer is found in Article Six of the U.S. Constitution:

Naffe v. Frey "Section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). It provides that":

"[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress".

Defendants show control of Local government no one else was granted the same. Anti-Corruption Act is to serve as "model legislation that sets a standard for city, state and federal laws that prevent money from corrupting American government.

24. A Fatal accident occurred when a man from N.J., was struck and kill at the end of N. Westview Ave and Street Rd in August 2016.

"A New Jersey man was killed Saturday when he was struck by a car on Street Road in Lower Southampton, police said" - who was visiting the individuals located at 8 N. Westview Ave. This to my understanding and the deed is Oak Property Management.

8 N. Westview Ave. is a bus stop now for small children a cross between N. Westview Ave and a road open or as the Defendants call it a drive way for forty plus families last count was 48?

"Clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." Who cares that not are children very sad to think that way?  My way showing public health, safety, morals, or general welfare were over looked for personal gain by the Defendants.

 Cross v. Hall County, 238 Ga. 709, 235 S.E.2d, 379 (1977).

"In the landmark case of Village of Euclid v. Amber Realty Co., 272 U.S. 365 (47 SC 114, 71 LE 303) (1926), the Supreme Court upheld the validity of a municipal zoning ordinance attacked by a landowner on 14th Amendment due process and equal protection grounds. The landowner argued that the zoning ordinance - deprived him of the use of his property to confiscate and destroy its value. The court examined the reasons for zoning and found the ordinance to be a valid exercise of the police power, saying (272

U. S. at 395): ". . . the reasons are sufficiently cogent to preclude us from saying, as it must be said before the ordinance can be declared unconstitutional, that such provisions are clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare."

The question for a citizen confronting the zoning power is how to put together an evidentiary case to take advantage of recent rulings giving in courts that conflict with Defendants actions, non-compliance with the ordinance of the Municipality and inappropriate use of its provisions. It is possible in foul play, accidentally got one man killed and putting other and even small children in future danger if not stopped?

I ask this Court to meet owners of Oak Property Management I wish to meet some of my opponent first hand in a pretrial hearing.

Denoting a civil action in which damages are sought against a party that causing a wrongful death of one, for miss use of non-compliance with the ordinance rules of law and putting other in danger.   Courts may see criminal action and may see fit to act?

25. Honorable Judge Gene E.K. Pratter was unwilling to talk about Defendants, Oak Property Management Lp., Ashley Management Co, Builders County. Federal Bureau of Investigation and Lower

Southampton Township officials told me to take a civil action so I'm doing so.

Unconstitutional

"As a neighboring property owner who challenges a rezoning of adjacent and nearly property shows fraud, corruption or manifest abuse of zoning power by concealment and concealing their real actions for themselves".

Without any justification for the difference in treatment of the Defendants named with no notification and the use of over forty plus families use of 8 N Westview with NO meaningful time to object this constitutes illegal spot zoning. "Not been rezoned. It's still zoned the same as it was in 2006". Mr. Peters.

John McMenamin, Township Manager unwilling to take responsibility may help an outrageous conduct in use of their offices and actions now proven. As in above now I'm making a request to the public Official take responsibility for all the good people of Lower Southampton Township.

26. John McMenamin, Township Manager at the time in question.

Property, City manager liable for deprivation of zoning rights). ... Therefore, the availability of a state remedy does not preclude a suit under the Civil Rights Act.59 ... Punitive damages may be awarded under section 1983, 63 even without actual loss.64 Such damages are allowed at ... Look to Redfield v Fisher, 292 P 813, at 819 [1930] "...an officer may be held liable in damages to any person injured in consequence of a breach of any of the duties connected with his office...The liability for nonfeasance, misfeasance, and for malfeasance in office is in his 'individual' , not his official capacity..."

Look to Carlson v. Green 446 US 14, 100 S. Ct. 1468, 64 L. Ed. 2d 15 - Supreme Court, 1980 - Punitive damages are "a particular remedial mechanism normally available in the federal courts," Bivens, 403 US, at 397, and are especially appropriate to redress the violation by a Government official of a citizen's constitutional rights. Moreover, punitive damages are available.

"It exists if the circumstances are reasonably believed (on the basis of past experience and objective evidence) to create a risk that decisions may be unduly influenced" as it is now waivers for-Defendants. We have a right doctrine of vested to zoning because its grandfathered.

27. Pre-approved Variances were given to Defendants.

If a variance can be applied for, or the property owner has not sought to develop his property under the current zoning, his claim is not ripe. MacDonald, Sommer & Frates v. Yolo County, 477 U.S. 340, 106 S.Ct. 2561, 91 L.Ed.2d 285 (1986); Reahard v. Lee County, 30 F.2d 1412, 1215 (11th Cir. 1994).

"Not been rezoned. It's still zoned the same as it was in 2006". Mr. Peters. The transcripts are inconsistent in Sauers Vs. Lower Southampton with all non-compliance with the ordinance rules of law and rights of others. This did not come to light till late in 2018.

28. Pre-approved Variances missing notifications removes rights, "The doctrine of vested rights protects property owners and developers from changes in zoning when they have received a valid building permit".

Municipalities have power to zone property only if a state grants it by statute or it is derived from constitutional provisions. Zoning ordinances must be reasonable because by their nature they-restrain the use of property that the owners could otherwise use as they chose to bypass with side deals. Grandfather clause and

doctrine of vested are going to be part of this action because of above and throughout.

**29. Defendants are well-seasoned developers in Bucks County, with the ordinance rules of law of zoning use and would have been licensed, insurance? Using secondary parties is/ was a conflict of interest for both sides not just Michael J. Savona, Esq of Eastburn & Gray.**

## COUNTS DON'T HAVE A TALLY

Noted Investigations are ongoing reportedly

## COUNT I.  Due Process

**30. Pennsylvania Municipalities Planning Code Act of 1968, P.L.805, No.247, as reenacted and amended, requires that any reconsideration/appeal of a rezoning matter must occur within a specified time period. *42 Pa.C.S. 5572. With***

**"Section 1002-A. Jurisdiction and Venue on Appeal; Time for Appeal. All appeals from all land use decisions rendered-pursuant to Article IX shall be taken to the court of common pleas of the judicial district wherein the land is located and**

shall be filed within 30 days after entry of the decision as provided in 42 Pa.C.S. 5572 (relating to time of entry of order) or, in the case of a deemed decision, within 30 days after the date upon which notice of said deemed decision is given as set forth in section 908(9) of this act."

Plaintiff alleged in the Facts section above corruption and disregard for Law of the Land.

31. Defendants' actions, performed outside of the parameters of the PMPC deprived Plaintiff of his right to due process under the Pennsylvania Constitution and United States Constitution,

32. Plaintiff has suffered a severe diminution in value and quiet enjoyment of his home because of this rezoning result in the development my family has moved out. Destruction of my family, mental anguish, etc. All because of an attempt to stand up for my constitutional rights, because of actions all orchestrated by Defendants and their accomplices.

34. Plaintiff was deprived of his right to notification and his right to object, which rights are protected by Pennsylvania

to the public unless the <u>agency holding them can prove otherwise</u>. Plaintiff is still been intentionally frustrated in his attempts.

All Defendants' should be able to now produce all needed certified notifications in the response also permits, waivers, variance, meeting notices, fees paid, posting, occupancy permits, and who they were addressed too, including subject properties in their chronological order of events.

Rule 26(a) is reproduced herein:

Rule 26(a): Parties are required to share evidence supporting their case without being requested by the opposite party.

WHEREFORE, for the foregoing reasons, the Plaintiff, Peter Sauers, respectfully requests a Pre-Trial Hearing by Judge or Jury on this matter, and any other relief deemed appropriate by this Honorable Court with necessary parties and Defendants.

<u>COUNT II. Violation of Pa. Right To Know Law</u>

38.    Pursuant to 65 *Pa.Stat. § 66.1 et seq.* [RTK] Defendants, all parties and Lower Southampton Township, is required to

retain and dispense information and records to requesters as set forth therein along with Rule 26.

39. Defendants and their Attorneys, as alleged in the Facts section above, has refused on many occasions, and to many requesters, information mandated to be dispensed according to the Statute and rules. Rule 26(a): Parties are required to share evidence supporting their case without being requested by the opposite party.

40. Honorable Judge Gene E.K. Pratter: Michael E. Peters, Esq of Eastburn & Gray was asked for certified copies needed for their actions under the   United States Constitution. Courtroom 10-B on 11/8/16. All based on a final approval / and actions. 42 U.S.C. § 1983 and 2010 Pennsylvania Code, in Pennsylvania: Title 26    Tax Map Parcel Nos. 21-003-114 and 21-003-111 I or anyone ever received certified notices.

41. Defendants and their Attorneys actions performed outside of the parameters of the RTK deprived Plaintiff of his right to information specifically covered under the RTK the law and Rule 26(a).

WHEREFORE, for the foregoing reasons, the Plaintiff, Peter Sauers, respectfully requests a Trial by Judge or Jury on this matter, and any other relief deemed appropriate by this Honorable Court.

## COUNT III. CIVIL RIGHTS

42. "Civil and political rights are a class of rights that protect individuals' freedom from infringement by governments, social organizations, and <u>private individuals</u>. They ensure one's entitlement to participate in the civil and political life of the society and state without discrimination or repression.

No one else was offered to use their properties, notified or otherwise in Lower Southampton Township Defendants and their Attorneys were or violated law of the land working with or Officials or were Officials at the time with 8 N Westview Ave.

Civil Rights Act.59 ... Punitive damages may be awarded under section 1983, 63 even without actual loss.64 Such damages are allowed at ... Look to Redfield v Fisher, 292 P 813, at 819 [1930] "...an officer may be held liable in damages to any

person injured in consequence of a breach of any of the duties connected with his office...The liability for nonfeasance, misfeasance, and for malfeasance in office is in his 'individual', not his official capacity..." Though I have had to me grate losses.

WHEREFORE, for the foregoing reasons, the Plaintiff, Peter Sauers, respectfully requests a Trial by Judge or Jury on this matter, and any other relief deemed appropriate by this Honorable Court for Punitive damages.

## COUNT IV.  Nuisance/Harassment

43.  Lower Southampton Township, issued a sham Notice of Violation to Plaintiff in retaliation for Plaintiff's role in spearheading objection to the subject rezoning efforts in the past now working for Defendants.

My 25 year would go to the front door at night with his gun, telling me were now in a bad neighborhood he now has also moved out.

Being told by anonymously to watch my back. We found the need to see a psychologist for years he was willing to testify or

give deposition in this matter as to the effects of me acting in this case my hope he still willing.

To stand alone and live alone it fun to live in fear leaving this count open.

WHEREFORE, for the foregoing reasons, the Plaintiff, Peter Sauers, respectfully requests a Trial by Judge or Jury on this matter, and any other relief deemed appropriate by this Honorable Court.

## COUNT V.  Violation of Pennsylvania Open Records Law

44.    Pursuant to 65 Pa.Stat. § 66.1 et seq. Defendants, Lower Southampton Township, is required to make records available; "a public record, legislative record or financial record shall be accessible for inspection and duplication in accordance with this act."  65 Pa.Stat. § 66.1, section 701.

45.    Defendants, Lower Southampton Township has refused records requests from Plaintiff and other township residents regarding the subject property. Defendants name are also Lower Southampton Township Defendants and their Attorneys are all the same Attorneys from Eastburn & Gray. Transcripts and all the Documentation Sauers Vs. Lower

Southampton and must include Michael Savona, as Township Solicitor and Mr. Robert Hoopes in and out of office.

WHEREFORE, for the foregoing reasons, the Plaintiff, Peter Sauers, respectfully requests a Trial by Judge or Jury on this matter, and any other relief deemed appropriate by this Honorable Court.

## COUNT VI.  Temporary Injunction

46. Defendants, should be enjoined from continuing development. Plaintiff during the pendency of this litigation. Otherwise Defendant may continue to exert extrajudicial influence and pressure upon the Plaintiff. aimed at stifling.

47. Plaintiff's efforts to force the Defendant's compliance with State and Federal law and to expose the fraud at the core of the subject rezoning.

48. Plaintiff's efforts to force the Defendant's and all parties' compliance with standards established in the ordinances shows fraud, corruption or manifest abuse of zoning power by concealment and concealing for their real actions in the taking of private property public use.

**Supreme Court of Pennsylvania.**

**"As to the second objection, the township supervisors have gone beyond their function of implementing a comprehensive plan with zoning regulations: they are to analyze on a case by case basis applications for rezoning purposes individual and accompanying technical plans for structure and development to-determine their suitability and compliance with the standards they themselves established in the ordinance".**

**WHEREFORE, for the foregoing reasons, the Plaintiff, Peter Sauers, respectfully requests that this Honorable Court grant Plaintiff's Request for a Temporary Restraining Order by scheduling a hearing for a Temporary Injunction Against at a time convenient to this Honorable Court, and any other relief deemed appropriate by this Honorable Court.**

## COUNT VII.  Temporary Injunction Against Pending

## Development

**49. Defendants, Oak Property Management Lp., Ashley Management Co Builders County enjoined from proceeding with the development of the subject property until such time as this Court determines the veracity and legal sufficiency of Plaintiff's allegations.  Otherwise any dispensation or relief Plaintiff, and the many other effected residents, may gain in this Court would be moot should development of the subject property, continue under a sham rezoning, proceed.**

**U.S. Attorney's Office, Federal Bureau of Investigation, Bucks County, reportedly now has ongoing Investigation till all Investigation over a Temporary Injunction would be proper.**

**WHEREFORE, for the foregoing reasons, the Plaintiff, Peter Sauers, respectfully requests that this Honorable Court grant Plaintiff's Request for a Temporary Restraining Order by scheduling a hearing for a Temporary Injunction Prohibiting Development of the Subject Property at a time convenient to this Honorable Court, and any other relief deemed appropriate by this Honorable Court.**

## COUNT VIII.  ADA Pro Se

50. Plaintiff included references to the A.D.A. to secure the dispensation generally afforded *pro se* plaintiffs in his position, in this case hoping the Court would recognize Plaintiff's limited facility with the written word.


51. Plaintiff will secure professional assistance limited in scope to drafting and editorial assistance in order to make an Amended Complaint legally cognizable. ADA or *pro se* standards employed by Federal Courts, with respect to Amended this Complaint.

Michael E. Peters, Esq of Eastburn & Gray of Doylestown was willing to get assistance from the Bar Association unrelated and pro bono this Court could ask to find out if they're still willing.


WHEREFORE, for the foregoing reasons, the Plaintiff, Peter Sauers, respectfully requests that this Honorable Court help with assistance. Plaintiff clearly does not understand where the Unified Judicial System starts and stops. My understanding is state judicial system wherein all courts within the state are ordered in a way that allows them to better execute uniformed justice throughout the state and the offices attached.

## COUNT IX Obstruction of justice

**52. Michael E. Peters, Esq of Eastburn & Gray_of Doylestown a clear for Rule 12(b)(6) Plaintiff, Peter Sauers, respectfully alleged some sort Judge shopping and corruption.**

**1. HONORABLE JUDGE ALBERT J. CEPPARULO HONORABLE JUDGE ALBERT J. CEPPARULO was removed replaced by HONORABLE JUDGE DIANE E. GIBBONS. 2. HONORABLE JUDGE DIANE E. GIBBONS**

**3. HONORABLE JUDGE WALLACE BATEMAN REASSIGNED. April 8, 2016.**

**ORDER on or about: Filed April 18, 2016**

**Defendant's, Lower Southampton Township and Motion to Dismiss with Prejudice that was granted by HONORABLE JUDGE WALLACE BATEMAN.**

**This Statement of Intention to Proceed is filed on the Ground that the Hon'ble Judge's actions were premature in accordance with Rule 12(b)(6) of Federal Rules of Civil Procedure. And the action to be valid, should have been taken/delivered after April 12, 2017 or later and NOT before such date. It is evident from the documents on record that the decision was taken in haste and without complying with the procedures established by law for Eastburn & Gray_of Doylestown defendants attorneys.**

**53. Michael E. Peters, Esq., Michael J. Savona, Esq., John A. Vanluvanee working for Defendants Oak Property Management Lp., Ashley Management Co Builders County that were working with Working as state officials Mr. Robert Hoopes Esq. Carol Drioil zoning, to secure new documentation.**

**54. Zoning Hearing Board, Board bypassed notification or I would have attended that meeting if there was a meeting.**

**55. Michael E. Peters, Esq removed documentations from one Court from another it's in transcripts. Document tampering in the making new or altering are now in the light.**

**56. Plaintiff, Peter Sauers, respectfully requests to carry over this count to later date because of reportedly now has ongoing Investigations and unfinished business with documentation and transcripts.**

**WHEREFORE, for the foregoing reasons, the Plaintiff, Peter Sauers, respectfully requests that this Honorable Court have pretrial hearing for matters throughout with all parties and any other relief deemed appropriate by this Honorable Court.**

## COUNT X conflict of interest

**57. Michael T. Pidgeon Esq. is now the noted Attorney for some of parties a conflict of interest has already been prover with Defendants named?**

**58. Michael E. Peters, Esq., Michael J. Savona, Esq., John A. Vanluvanee working for Defendants Oak Property Management Lp., Ashley Management Co Builders County.**

**59. Plaintiff, Peter Sauers, respectfully requests to carry over this count to later date because of reportedly now has ongoing Investigations and unfinished business with documentation and transcripts.**

**WHEREFORE, for the foregoing reasons, the Plaintiff, Peter Sauers, respectfully requests that this Honorable Court have pretrial hearing for matters throughout with all parties and any other relief deemed appropriate by this Honorable Court.**

## **COUNT XI No Transparency**

**60. Plaintiff, Peter Sauers, respectfully requests to carry over this count to later date because of reportedly now has ongoing Investigations and unfinished business with documentation and transcripts.**

**61. Defendants Oak Property Management Lp., Ashley Management Co Builders County and their Attorneys actions performed outside of the parameters of the supreme law of the land to take private property for public use without notification on their part.**

**WHEREFORE, for the foregoing reasons, the Plaintiff, Peter Sauers, respectfully requests that this Honorable Court have pretrial hearing for matters throughout with all parties and any other relief deemed appropriate by this Honorable Court.**

## COUNT XII Favoritism in zoning enforcement

**62. Defendant, Oak Property Management Lp., Ashley Management Co, Builders County favoritism in zoning enforcement with use, actions, fees,**

**63. No other developers were given this offer or granted this anywhere in Lower Southampton Township to my knowledge in the same way.**

**64. Following is the list of Witnesses who testified on behalf of the Defendant and was later included in the Defendants because of non-compliance with the ordinance of the Municipality and inappropriate use of its provisions**

- **Michael E. Peters, Esq.,**
- **Michael T. Pidgeon, Esq.,**
- **Michael J. Savona, Esq.,**
- **Eastburn & Gray, Doylestown, PA,**
- **Mr. Robert Hoopes Esq.**

**The indictment and actions: of Mr. Robert Hoopes Esq., demonstrates conflict of interest in political channels acting with Eastburn & Gray to get the Defendants favoritism.**

WHEREFORE, for the foregoing reasons, the Plaintiff, Peter Sauers, respectfully requests that this Honorable Court have pretrial hearing for this matter with all parties and any other relief deemed appropriate by this Honorable Court.

Rule`s of law, laws of the land, case law can be viewed on line alone with some Exhibits and documentation.

Noted:

505.  Service of notice of view and hearing. (a)  General rule. -- Notice of the view and hearing shall be served, within or without this 505.  Service of notice of view and hearing. (a) General rule. --Notice of the view and hearing shall be served, within or without this Commonwealth, by any competent adult in the same manner as a civil action or by registered mail, return receipt requested, to the last known address of the condemnee and condemnor.

  Commonwealth, by any competent adult in the same manner as a civil action or by registered mail, return receipt requested, to the last known address of the condemnee and condemnor.

Noted: (b)  Public posting.--If service cannot be made in the manner set forth in subsection (a), then service shall be made by posting a copy of the notice upon a public part of the-

property and by publication, at the cost of the condemnor, once in a newspaper of general circulation and once in the legal publication, if any, designated by rule or order of court for publication of legal notices, published in the county.

(c)  Proof of service. --Proof of service and the manner of service shall be attached to the viewers' report.


**Verification**

**PLAINTIFF PETER SAUERS Pro-se {ADA} the PLAINTIFF verifies that he is one for himself in this action, and that the statements made in the forgoing are true and correct to the best of my knowledge, information and belief. I understand that false statements made herein are subject to the penalties of law "18 pa. C.S. Section 4904', relating to unsworn, falsification to authorities.**

**Peter W. Sauers.**

**RELIEF**

 Plaintiff, Peter Sauers, prays this Honorable Court will enjoin Defendants from moving forward with the subject development until Defendants, Oak Property Management Lp., Ashley Management Co, Builders County Mike Mister and Kevin Riley complies with Pennsylvania state law regarding zoning, re-zoning procedures, complies with Pennsylvania's Right to Know laws, for their part in this action now.

Plaintiff for the exercise of his rights to object and provides complete information upon which to base any objections, and to declare Plaintiff victorious in this matter sending the zoning application at the core of this Complaint back to the Lower Southampton Planning Commission, and Lower Southampton Township to do something. Defendants and involved parties for Court cost, all other cost, loss of use and other loss`s, destruction of my family, mental anguish, psychologist and therapist cost, Reimbursements damages, Punitive damages and any other relief this Honorable Court deems appropriate.

Civil Rights Act.59 ... Punitive damages may be awarded under

section 1983, 63 even without actual loss.64 Such damages are

allowed at ... Look to Redfield v Fisher, 292 P 813, at 819

[1930] "...an officer may be held liable in damages to any.



**Defendant, Oak Property Management Lp.,**
Ashley Management Co, Builders County, is a business entity

believed to be organized and operating under the laws of the

State of Pennsylvania by Mike Mister and Kevin Riley at 76

Griffith Miles Circle Warminster, PA 18974 and 8 N Westview

Ave and 531 W street rd. Feasterville Pa. 19053.


To be served at 76 Griffith Miles Circle Warminster, PA

18974.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy and copies of the foregoing was served upon:

**Defendant, Oak Property Management Lp., Ashley Management Co, Builders County, Mike Mister and Kevin Riley at 76 Griffith Miles Circle Warminster**, PA **18974.**

**Peter Sauers**

**32 N. Westview Ave. Feasterville, PA 19053**

**An appeal: a serious or urgent request, typically to the public my plan to post this on line under my First Amendment and send copies to all interested parties.**