# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PETER SAUERS,** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| v. | : | |
| | : | |
| **OAK PROPERTY MANAGEMENT LP.,** *et al.,* | : | **No. 19-01429** |
| *Defendants* | : | |

## MEMORANDUM

PRATTER, J.  December 6, 2019

The Court now has a second occasion to address Mr. Sauers's concerns related to the passing of a zoning ordinance by Lower Southhampton Township. In an earlier matter, the Court dismissed Mr. Sauers's claims asserted against the Township because he failed to state a plausible claim for relief. *See generally Sauers v. Lower Southhampton Township*, No. 16-2325, 2016 WL 7319679 (E.D. Pa. Dec. 15, 2016). Disputing the same zoning decision, and now a purported variance that was permitted thereafter, Mr. Sauers in this litigation asserts 12 causes of action against private real estate companies, land developers, and their officers. He has also moved to amend his complaint to state four federal claims against the same private defendants.

Pending before the Court also is Mr. Sauers's discovery motion by which he seeks "Proof and Evidence Supporting Actions Under 43 U.S.C. § 1983[,] Rule 26(a)[,] Rule 7(a)(7)[, and] Rule 8.4 Misconduct." Mot. for Proof (Doc. No. 7). The Court addresses all three motions in this Memorandum.

Because Mr. Sauers has failed to adequately allege a plausible cause of action, the Court dismisses Mr. Sauers's complaint and denies his motion to amend. Accordingly, the pending discovery request is denied.

1

## BACKGROUND

*Pro se* Plaintiff Peter Sauers resides at 32 N. Westview Avenue in Lower Southhampton Township, Bucks County, Pennsylvania. Defendants Oak Property Management LP and Ashley Management Co., LLC are private property management companies. Defendant County Builders, Inc. is a private real estate development company. Defendant Kevin Reilley is the Vice President of County Builders, Inc., and Defendant Mike Meister is the President of County Builders, Inc.[1]

As set forth in the Court's Memorandum dismissing Mr. Sauers's previous action against the Township, Mr. Sauers challenged the Township's zoning decision which resulted in the rezoning of residential use to commercial use of a property located near his home, and Mr. Sauers appeared to allege that the "Township failed to provide the public with notice and a hearing in connection with the Township's passage of [the] zoning ordinance." *Sauers*, 2016 WL 7319679, at *1. Mr. Sauers also described the zoning decision as unlawful "spot zoning[,]" and further averred that the Township "bull[ied] those that oppose[d] the rezoning[.]" *Id.* The Court dismissed the complaint because Mr. Sauers had failed to state a claim under either federal or state law.[2]

In this lawsuit, Mr. Sauers also challenges a grant of a variance to the Defendants and approval of their residential development efforts at 531 West Street Road. The property located at 531 West Street Road sits behind Mr. Sauers's residential property. He has filed an initial complaint against the private Defendants, asserting 12 causes of action described as follows:

- Count I: "Due Process"
- Count II: "Violation of Pa. Right to Know Law"
- Count III: "Civil Rights"

---

[1] The Court refers to these defendants collectively as the "Defendants."
[2] The decision was affirmed *per curiam*. *Sauers v. Lower Southhampton Township*, 722 F. App'x 255 (2018).

2

- Count IV: "Nuisance/Harassment"

- Count V: "Violation of Pennsylvania Open Records Law"

- Count VI: "Temporary Injunction"

- Count VII: "Temporary Injunction Against Pending Development"

- Count VIII: "ADA Pro Se"

- Count IX: "Obstruction of [J]ustice"

- Count X: "[C]onflict of [I]nterest"

- Count XI: 'No Transparency"

- Count XII: "Favoritism in [Z]oning [E]nforcement"

### LEGAL STANDARD

The Court construes Mr. Sauers's *pro se* pleading liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). *Pro se* litigants such as Mr. Sauers are "held to 'less stringent standards' than trained counsel." *Benckini v. Hawk*, 654 F. Supp. 2d 310, 316 n.1 (E.D. Pa. 2009) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. Although Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "to give the defendant fair notice of what the claim is and the grounds upon which it rests," the plaintiff must provide "more than labels and conclusions[;] a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, to survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (citation omitted). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citation omitted).

In evaluating the sufficiency of a complaint, the Court adheres to certain well-recognized parameters. The Court assumes that the allegations in the complaint and all reasonable inferences emanating from the allegations are true, viewing those facts and inferences in the light most favorable to the non-moving party. *Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010). That admonition does not demand that the Court ignore or even discount reality. The Court "need not accept as true unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000) (citations and quotation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Federal Rule of Civil Procedure 15 governs the amendment of pleadings. *See* Fed. R. Civ. P. 15. Here, Mr. Sauers seeks the Court's permission to amend his complaint pursuant to Rule 15(a)(2). Leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). A court may, however, deny a plaintiff leave to amend for several reasons, including because of the futility of amendment. *USX Corp. v. Barnhart*, 395 F.3d 161, 166 (3d Cir. 2004). Futility is analyzed under the same legal standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Singleton v. Robinson*, No. 14-2382, 2017 WL 4996107, at *1 (E.D. Pa. Sept. 19, 2016).[3]

## DISCUSSION

The Court first addresses the defense challenge to the sufficiency of Mr. Sauers's initial complaint and then addresses the motion to amend.

---

[3] Here, the Defendants base their opposition to the motion to amend on the futility of such an amendment.

4

## I. Initial Complaint

Presently, the Defendants move to dismiss the initial complaint for lack of subject matter jurisdiction and failure to state a plausible claim, asserting that Mr. Sauers's complaint is incomprehensible. Of the 12 claims asserted in the complaint, it appears that several claims are based on a violation of Mr. Sauers's constitutional rights. Specifically, the Court construes Count I ("Due Process"), Count III ("Civil Rights"), Count IV ("Nuisance/Harassment") (which appears to assert a retaliation claim), and Count XII ("Favoritism in [Z]oning [E]nforcement") to assert federal civil rights claims.

42 U.S.C. § 1983 does not independently create substantive rights, but rather merely "provides a remedy for deprivations of rights established elsewhere in the Constitution or federal laws." *Kopec v. Tate,* 361 F.3d 772, 775–76 (3d Cir. 2004) (internal citation omitted). It is well-settled that to state a claim under Section 1983, a plaintiff must aver two distinct requirements: (1) "the violation of a right secured by the Constitution and laws of the United States," and (2) that the "deprivation was committed by a person acting under color of state law." *West v. Akins*, 487 U.S. 42, 48 (1988). "Only where the *state* is responsible for the specific conduct causing the alleged harm does section 1983 apply." *Chambers v. Phila. Media Network*, No. 11-6589, 2013 WL 4857995, at *3 (E.D. Pa. 2013).

Private individuals may be held liable under § 1983 but only if they engage in state action in the course of violating a right secured by the Constitution. To determine whether an apparently private actor has engaged in state action, courts ask "whether there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Kach v. Hose,* 589 F.3d 626, 646 (3d. Cir. 2009).

5

The dispositive inquiry related to the federal civil rights claims here is whether Mr. Sauers has sufficiently pled facts to suggest that the Defendants are state actors. Mr. Sauers has not. Nowhere in the Complaint does Mr. Sauers factually allege that the Defendants themselves are state actors, functionally or actually. Nor does Mr. Sauers sufficiently allege that there was such a close nexus between the Township and the action taken by the private Defendants such that their actions should be considered state action. On this basis, Mr. Sauers's federal civil rights claims fail.

As to the remainder of his federal claims, the Court notes that in Count VIII, Mr. Sauers asserts a claim titled "ADA Pro Se." Compl., p. 53. Rather than include any factual allegations to substantiate the "ADA," (presumably, the Americans with Disabilities Act, 42 U.S.C § 12101, *et seq.*), as a basis for relief, Mr. Sauers appears to seek the appointment of *pro bono* counsel. However, a federal pleading is not the appropriate mechanism to seek appointment of counsel. Thus, the Court finds Count VIII does not assert a cause of action. The Court also dismisses Count VI and Count VII related to Mr. Sauers's requests for injunctive relief because the Court dismisses all of Mr. Sauers's substantive claims.[4]

With respect to the state law claims, Mr. Sauers does not assert federal jurisdiction on the basis of diversity of citizenship.[5] Moreover, the Court declines to exercise supplemental jurisdiction over state law claims and dismisses them.[6] For the foregoing reasons, the Court dismisses Mr. Sauers initial complaint.

---

[4] With respect to Count IX ("Obstruction of [J]ustice"), Count X ("Conflict of Interest"), and Count XI ("No Transparency"), Mr. Sauers supports these counts only by way of conclusory and vague allegations. Such allegations do not suffice at the motion to dismiss stage. *See* Compl., pp. 54-57.

[5] The Court notes that in the Complaint, it appears Mr. Sauers alleges his citizenship and that of his adversaries all to be of Pennsylvania. Compl., p. 8.

[6] The Court further finds that these claims rooted in state law are neither sufficiently detailed to give the Defendants notice of the claims brought against them, nor, as a matter of law, cognizable. *See,*

6

## II. Motion to Amend

Mr. Sauers also moves to amend his complaint, and his proposed amended complaint asserts four federal civil rights claims and purports to provide additional factual allegations to support his claims.[7] While the Court appreciates Mr. Sauers's efforts to clarify his complaint, the proposed amended complaint still suffers from factual deficiencies such that amendment as presented would be futile. That is, although there appear to be supplemental allegations with respect to Mr. Sauers's assertion of state action, the proposed amended complaint inadequately sets forth the supposed state action.

It appears that Mr. Sauers proceeds on a theory of state action that the Defendants somehow worked in concert with the Township to deprive Mr. Sauers of his constitutional rights. At the motion to dismiss stage, when a plaintiff alleges that such concerted action has occurred in furtherance of a conspiracy to violate constitutional rights, the Third Circuit Court of Appeals requires the plaintiff to "assert facts from which a conspiratorial agreement can be inferred." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010). The Court must be able to plausibly infer an agreement between the defendants and state officials—a "meeting of the minds"—to violate the plaintiff's rights. *Zenquis v. City of Philadelphia*, 861 F. Supp. 2d 522, 528–29 (E.D. Pa. 2012) (citing *Startzell v. City of Philadelphia*, 533 F.3d 183, 205 (3d Cir. 2008)).

Specifically, in support of his theory of state action, Mr. Sauers pleads that during 2014, the time period the Defendants applied for a variance to build a residential development and

---

*e.g.*, *Sauers*, 2016 WL 7319679, at *4 (holding the Right-To-Know claim failed because Pennsylvania law requires that Pennsylvania state courts be the exclusive forum for litigating these types of claims).

[7] Against the Defendants, Mr. Sauers specifically asserts (1) the deprivation of his substantive and due process rights, (2) a Fourteenth Amendment equal protection violation, (3) conspiracy to violate his civil rights pursuant to 42 U.S.C. §§ 1985 & 1986, and (4) a violation of his rights protected by the Fifth Amendment Takings Clause.

7

easement on the rezoned property, the Defendants also retained Michael Savona, Esquire, who simultaneously served as the Township solicitor. (However, there are no specific allegations as to the capacity in which Mr. Savona was retained by the Defendants.) Further, without specifying a date, Mr. Sauers purports that the Township engaged Robert P. Hoopes as a conflict attorney to manage the Township's land use development agreements.

According to Mr. Sauers, in 2015, Mr. Savona and Mr. Hoopes allegedly struck a deal to approve the zoning variance sought by the Defendants, and in doing so, worked in concert to deprive Mr. Sauers of his due process rights, including by failing to provide Mr. Sauers with notice of the hearing on the application for the variance and actual approval of the variance.[8] According to Mr. Sauers, Mr. Hoopes signed the final approval papers for the development project at issue.

Mr. Sauers also alleges that in 2018, Mr. Savona was charged with lying to federal investigators during their probe into the corruption of three public officials, one of whom was Mr. Hoopes. Proposed Am. Compl. at ¶ 7. Mr. Sauers also alleges that in 2018, Mr. Hoopes was found guilty of and is now serving a time of sentence for money laundering and four counts of extortion in connection to bribes he sought from Bucks County businessmen. *Id.* at ¶ 10. According to Mr. Sauers, the Pennsylvania Department of Labor and Industry also opened an investigation into the Township's Zoning and Building Department, a result of a report that reviewed building and zoning permits for irregularities and compliance issues. Proposed Am. Compl. at ¶ 8. Purportedly, the property at 531 West Street Road and Defendants Oak Property and Management LP and Ashley Management Co., LLC were named in the report. *Id.* Mr. Sauers also avers that in the

---

[8] There is a discrepancy in the proposed amended complaint with respect to the date that the alleged variance approval occurred. In paragraph 12 of the proposed amended complaint, the approval purportedly took place in 2014, but in paragraph 4, Mr. Sauers asserts the approval took place in 2015.

8

same year, the Township's Board of Supervisors requested the Bucks County District Attorney's Office to investigate the practices of the Zoning and Building Department. *Id.* at ¶ 9.

In Mr. Sauers's moving papers he asserts these allegations support his showing of state action, but the Court finds that the allegations are conclusory as to such an issue. Mr. Sauers essentially alleges that the Defendants engaged in "concerted action" with the Township by way of applying for and obtaining approval for the variance, *see, e.g.*, Proposed Am. Compl. at ¶24 ("Defendants knowingly engaged in an illegitimate agreement to obtain stated variances with the Lower Southhampton Township . . . ."). However, Mr. Sauers has not alleged any facts to infer an agreement took place to deprive him of his rights. That private development and property management companies gained approval to develop residential housing is itself insufficient to assert state action under the conspiracy theory Mr. Sauers pursues.

Mr. Sauers also alleges that the same Township officials who purportedly approved of the land development at issue were also subsequently convicted of federal offenses. Presumably, Mr. Sauers refers to both Mr. Savona and Mr. Hoopes in these allegations. However, Mr. Sauers avers no facts to address how Mr. Savona's or Mr. Hoopes' federal convictions relate to the specific deal allegedly struck between the Defendants and the Township that resulted in the challenged variance decision or how their unrelated criminal conduct affected him.

Because the Court has found that Mr. Sauers has not adequately pled state action, the Court need not reach the question of whether Mr. Sauers has properly alleged a deprivation of a constitutional right. Nor does the Court address the Defendants' argument that Mr. Sauers is estopped from asserting his claims in this litigation because of this Court's ruling in the previous case, Civil Case No. 16-2325 (E.D. Pa.).

9

Consequently, the Court finds that the proposed amended complaint does not plausibly state a claim. Amendment as presented would be futile, and the Court denies Mr. Sauers's motion to amend.

### III. Discovery Motion

Finally, as to the discovery motion filed by Mr. Sauers, because the Court has dismissed the complaint and denies the motion to amend, the Court denies the pending discovery motion.

### CONCLUSION

For all these reasons, the Court grants the motion to dismiss, denies the motion to amend the complaint, and denies the discovery motion. However, the denial of the motion to amend is without prejudice. While the Court finds the proposed amended complaint attached to the motion to amend is deficient, and filing of that proposed complaint would be futile, Mr. Sauers is permitted leave to file a renewed motion to amend the complaint if he can cure the defects and comply with the pleading requirements set forth under federal law.[9]

Likewise, the Court denies the discovery motion without prejudice. Mr. Sauers may consider refiling a discovery motion if a viable claim is filed in the future. An appropriate Order follows.

BY THE COURT:

*/s/ Gene E.K. Pratter*

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[9] In the proposed amended complaint, Mr. Sauers should take care to formulate his complaint in such a way as to provide notice to the Defendants of the specific causes of action asserted against them, by explicitly stating which cause of action is asserted against which defendant, and the facts supporting those causes of action as is required under the federal pleading standard.