UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PETER SAUERS,** *Plaintiff* | **CIVIL ACTION** |
| v. | |
| **OAK PROPERTY MANAGEMENT LP.,** *et al.*, *Defendants* | **No. 19-01429** |

## MEMORANDUM

PRATTER, J.                                                                                                                                 February 19, 2020

On two prior occasions, the Court has dismissed the complaint of Mr. Sauers related to the passing of a zoning ordinance by Lower Southhampton Township, first, in a previous action docketed as Civil Action No. 16-2325, before this Court, and, second, in this federal case.[1] In its recent Memorandum dated December 6, 2019, the Court permitted Mr. Sauers leave to seek amendment of his pleadings, if he could cure the defects in his previous complaint. Since the Court's ruling, Mr. Sauers has filed a timely motion to amend the complaint.[2]

The Court appreciates Mr. Sauers's sincere endeavors to state a cognizable or plausible claim, as he must do under the pleading requirements set forth by the Federal Rules of Civil Procedure. However, even under a very liberal reading of Mr. Sauers's allegations, Mr. Sauers's

---

[1] *See* Memorandum dated December 6, 2019, Doc. No. 26. The present federal action is Mr. Sauers's second federal action before this Court seeking not only to challenge the zoning decision that allegedly affected his property in Lower Southampton Township, Bucks County, Pennsylvania, but also a purported variance that was permitted thereafter. The Court dismissed his first attempt to challenge the zoning decision in his previous action in 2016. *See Sauers v. Lower Southhampton Township*, No. 16-2325, 2016 WL 7319679 (E.D. Pa. Dec. 15, 2016), *aff'd by* 722 F. App'x 255 (2018) (per curiam).

[2] While he has not attached a proposed amended complaint to that motion, he has submitted one thereafter, which the Court will consider herein. Mr. Sauers has also filed a third document that appears to be used by him to substantiate his motion to amend. Consequently, the Court will also consider this document in this Memorandum as well. *See* Doc. No. 30.

1

endeavors fall short.[3] Consequently, the Court must deny Mr. Sauers's motion to amend.

## DISCUSSION

Federal Rule of Civil Procedure 15 governs the amendment of pleadings. *See* Fed. R. Civ. P. 15. Leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). A court may, however, deny a plaintiff leave to amend for several reasons, including because of the futility of amendment. *USX Corp. v. Barnhart*, 395 F.3d 161, 166 (3d Cir. 2004). Futility is analyzed under the same legal standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Singleton v. Robinson*, No. 14-2382, 2017 WL 4996107, at *1 (E.D. Pa. Sept. 19, 2016).

In Mr. Sauers's "Verified Complaint[,]" Doc. No. 33, which the Court construes as Mr. Sauers's proposed amended complaint, Mr. Sauers appears to pursue six causes of action, three pursuant to federal law, purportedly asserting civil rights claims, and three pursuant to state law. The first is for "Due Process," the second titled "Equal Protection," the third labeled "Illegal Spot-Zoning," the fourth titled "Unconstitutional Taking: With Use of Waiver[,]" the fifth for "Illegal Malpractice[,]" and the sixth for "Negligence."[4]

However, despite the Court's previous ruling of December 6, 2019, and clear instruction that integral to the ability for a plaintiff to pursue federal civil rights claims is the obligation that such a plaintiff must sufficiently plead facts to support the notion that the defendants are state actors, Mr. Sauers again has not plead such facts. *See* Memorandum, Doc. No. 26 ("Nowhere in the Complaint does Mr. Sauers factually allege that the Defendants themselves are state actors,

---

[3] Because the Court provided the factual and procedural background of this case in detail in its prior Memorandum dismissing Mr. Sauers's complaint, Doc. No. 26, for the purposes of this Memorandum, the Court does not provide a detailed background of the case.

[4] While Mr. Sauers has enumerated another purported claim titled "Punitive Damages/Damages[,]" the Court notes that such is not a separate or cognizable cause of action, but a remedy to which a plaintiff may be entitled under the appropriate law and upon prevailing under said law.

2

functionally or actually. Nor does Mr. Sauers sufficiently allege that there was such a close nexus between the Township and the action taken by the private Defendants such that their actions should be considered state action.") Again, Mr. Sauers proffers no factual allegation that the private Defendants are state actors, *de facto* or *de jure*. As such, the Court must dismiss his federal civil rights claims.

There remain his state law claims, which the Court construes to be his claims for illegal spot-zoning, malpractice, and negligence. However, Mr. Sauers does not assert federal jurisdiction on the basis of diversity of citizenship. The Court also declines to exercise supplemental jurisdiction over these claims.[5]

Consequently, for the aforementioned reasons, the Court must deny Mr. Sauers's request to amend his complaint without leave to amend. The Court has already given Mr. Sauers the opportunity to seek leave to amend, and any future attempts to amend the complaint will prove futile because there is no indicia before the Court presently, nor in any of Mr. Sauers's filing, that Mr. Sauers could or would plausibly state a cause of action sufficient for his case to proceed. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[5] Indeed to do so may undermine the jurisdictional requirements that bind this Court, if as the Defendants assert, they are citizens for the purposes of diversity jurisdiction of Pennsylvania. *See AnnexTelecom Co., Ltd. v. Brown*, No. 13-4605, 2014 WL 5149101, at *2 (E.D. Pa. Oct. 14, 2014) (noting that "when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332[,]" a court may not assert supplemental jurisdiction over claims). Furthermore, Mr. Sauers does not plausibly allege these state causes of action.

3